FILED & JUDGMENT ENTERED
Steven T. Salata

Sep 16 2011

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

IN RE:

THOMAS J. LEBARRON      CASE NO. 05-35632
aka Tommy LeBarron      (Chapter 7)
dba Barefoot Design
fdba Signature Concrete, Inc.
fdba Signature Concrete Pumping, Inc.

      Debtor.

THOMAS J. LEBARRON

      Plaintiff,

vs.      ADVERSARY PROCEEDING
    NO. 09-03265

SOUTHGATE MASONRY AND LUMBER,
INC.

      Defendant.

## ORDER AND JUDGMENT

**THIS CAUSE** coming on to be heard and being heard before the undersigned Judge of the United States Bankruptcy Court for the Western District of North Carolina, Charlotte Division, in open Court on August 29, 2011. Present at the trial held hereon were David Badger, attorney for the Plaintiff, and Wayne Sigmon, attorney for the Defendant. From statements of counsel, evidence presented, as well as the entire record, the Court makes the following:

## FINDINGS OF FACT

1. On October 18, 2005, Thomas J. LeBarron ("LeBarron") filed a chapter 7 bankruptcy case in this Court as an individual.

2. In his Schedules, LeBarron did not list Southgate Masonry and Lumber Company, Inc. ("Southgate"), as a creditor, nor did he disclose any debt as owed to Southgate.

3. At the time of the bankruptcy filing, a debt was owed to Southgate as a result of construction supplies purchased from Southgate on credit in the ordinary course of LeBarron's business, Barefoot Designs, Inc. ("Barefoot").

4. LeBarron was the sole owner and shareholder of Barefoot from its inception as a North Carolina corporation in early 2002 until it was administratively dissolved by the North Carolina Secretary of State on May 5, 2005.

5. All of Southgate's billing invoices relating to the purchases made in the ordinary course of Barefoot's business were billed to Barefoot as a corporation and not to LeBarron as an individual.

6. Although LeBarron filed bankruptcy as an individual, and although Barefoot had been administratively dissolved, LeBarron continued to make payments to Southgate for the purchases with funds from a Barefoot corporate account. All of LeBarron's payments to Southgate were made with Barefoot corporate account checks.

7. LeBarron did not list the debt for Barefoot's purchases from Southgate because he did not believe he was personally liable for the debt of his business. In addition, LeBarron desired to maintain good business relations with Southgate by continuing to direct Barefoot to make regular payments to Southgate even after he filed for bankruptcy relief from his personal debts.

8. After LeBarron received his personal Chapter 7 discharge, LeBarron and Southgate entered a Forbearance Agreement and LeBarron signed a Confession of Judgment on February 8, 2006.

9. In 2009, when LeBarron ceased making regular payments pursuant to the Forbearance Agreement, Southgate filed the Confession of Judgment with the Cabarrus County Clerk of Court.

10. Southgate was notified of LeBarron's personal bankruptcy when it attempted to enforce its judgment in September 2009. In response, Southgate immediately returned any seized properties and stopped its collection efforts.

11. On October 14, 2009, LeBarron's Motion to Reopen his chapter 7 case was allowed, and, on October 22, 2009, he filed his amended Schedule F listing Southgate as a creditor.

12. On December 28, 2009, LeBarron filed a Complaint seeking the return of all of Barefoot's post-petition payments to Southgate plus any damages, fees or sanctions applicable for willful violation of the discharge injunction of 11 U.S.C. § 524.

## CONCLUSIONS OF LAW

1. The debts incurred in the ordinary course of Barefoot's business with Southgate were business debts, and, therefore, not subject to the discharge order entered in LeBarron's individual bankruptcy case. Thus, Southgate did not willfully violate the discharge injunction of 11 U.S.C. § 524 when it entered the Forbearance Agreement with LeBarron, had LeBarron sign a Confession of Judgment, collected Barefoot's payments toward its debt, and sought enforcement of the Confession of Judgment when Barefoot's payments ceased.

2. Pursuant to N.C. Gen. Stat. § 55-14-20, the effects of an administrative dissolution are the same as those of a voluntary dissolution. Under N.C. Gen. Stat. § 55-14-05, "a voluntarily dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business affairs, including . . . [d]ischarging or making provision for discharging its liabilities . . . ." Thus, LeBarron did not become personally liable for the debts of Barefoot after its administrative dissolution, and LeBarron's post-petition payments to Southgate from a Barefoot corporate account were appropriate provisions for the winding up of Barefoot's liabilities.

IT IS THEREFORE ORDERED as follows:

1. No damages, fees or sanctions shall be awarded in favor of LeBarron because Southgate did not violate the discharge provision of 11 U.S.C. § 524.

2. Southgate may keep all payments it received from Barefoot, including payments received after the filing of LeBarron's personal bankruptcy case.

3. This Adversary Proceeding should be, and it hereby is, dismissed with each party to bear their own costs.

This Order and Judgment has been signed electronically. The judge's signature and court's seal appear at the top of the Order and Judgment.

United States Bankruptcy Court